UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOWGENE FLUIDICS, INC., §<br>    *Plaintiff*, §<br> §<br>v. §<br> §<br>ALFA LAVAL DORTMUND GMBH, *et al.*, §<br>    *Defendants*. § | | CIVIL ACTION H-11-2414 |

## ORDER

Pending before the court is plaintiff's motion for leave to file its third amended complaint. Dkt. 58. Upon consideration of the motion, the response, and the applicable law, the motion is DENIED.

## BACKGROUND

Plaintiff commenced this action in state court on May 26, 2011, suing defendants for breach of contract and requesting specific performance and a temporary injunction. Dkt. 1-1. On June 10, 2011 plaintiff amended its state court petition but left the causes of action and remedies sought the same. *Id.* On June 27, 2011, defendants timely removed this action to federal court predicated on diversity. Dkt. 1. On July 19, 2011, plaintiff amended its complaint to add a request for equitable reformation on its breach of contract claim, and further claims of fraud and misrepresentation, tortious interference, breach of fiduciary duty, inducement to breach fiduciary duties, and conspiracy. Dkt. 18.

On October 5, 2011, an agreed Rule 16 Scheduling Order was entered by the court, setting the deadline for amending pleadings as January 4, 2012. Dkt. 27. On February 6, 2012, a month after the deadline for amending pleadings had passed, plaintiff filed an unopposed motion to modify the Rule 16 Scheduling Order, which the court granted. Dkts. 37, 38. The new deadline for

amending pleadings was set for May 9, 2012. *Id.* On May 4, 2012, plaintiff amended its complaint again, dropping its claim for inducement to breach fiduciary duties. Dkt. 42.

On June 6, 2012, defendants filed their motion for summary judgment. Dkt. 50. On June 12, 2012, plaintiff moved for preliminary injunction, which after a hearing and an opportunity for both sides to fully brief the issues, the court denied. Dkts. 53, 74. On June 25, 2012, plaintiff moved to amend its complaint yet again, adding a promissory estoppel claim. Dkt. 58-1. Defendants oppose the amendment.

## LEGAL STANDARD

Since the parties had a Rule 16 Scheduling Order in place, plaintiff's motion to amend is governed by Rule 16 which provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Four factors are relevant to good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (internal citations omitted).

## ANALYSIS

Plaintiff argues that it should be allowed to amend its pleading for several reasons. However, noticeably absent from its motion is any explanation for the failure to timely move for leave. In fact, plaintiff argues that the amendment should be allowed because it merely adds an alternative theory of recovery based on the same factual allegations in the current complaint. Accordingly, plaintiff knew about this potential claim but did not add it. Therefore, the first prong of the test—the explanation for failure to timely move—weighs against allowing the amendment.

The second factor—the importance of the amendment—also weighs against amendment. The plaintiff describes its equitable estoppel claim as merely an alternative theory of recovery, rather than a new addition to the complaint. While this factor doesn't weigh heavily one way or the other, the relative unimportance of this alternate equitable remedy does weigh slightly against allowing the amendment.

The third factor addresses the prejudice to the defendant if the court allows the amendment. Plaintiff states, without reasoning or supporting argument, that no party will be prejudiced by allowing the amendment. The court disagrees. This case is over a year old. Dkt. 1. From the beginning of this case in the state court, plaintiff has treated it with urgency by requesting a temporary injunction. Dkt. 1-1. The deadline for dispositive motions is less than a month away. Dkt. 38. And, defendants have already filed their motion for summary judgment based on the current complaint. Accordingly, allowing the plaintiff to amend its complaint again to add a new theory of recovery, even if based on the same nucleus of operative fact, would prejudice defendants. Thus, the third factor weighs against allowing the amendment. And, the last factor, whether a continuance would cure the prejudice, does not address the defendants' fully briefed, pending motion for summary judgment. So, even if the court was inclined to grant a continuance—which it is not—the prejudice would still operate against defendants. Accordingly, the last factor, and all of the factors, weigh against allowing the amendment. The motion for leave to amend is DENIED.

It is so ORDERED.

Signed at Houston, Texas on August 15, 2012.

_____
Gray H. Miller
United States District Judge